IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| SHAWNA ENLOE, § <br> (Reg. No. 03306-479), § <br> § <br> Plaintiff, § <br> vs. § <br> § <br> WARDEN CARR, § <br> FMC Carswell, et al., § <br> § <br> Defendants. § | Civil Action No. 4:21-CV-466-O |

### MEMORANDUM OPINION and ORDER OF PARTIAL DISMISSAL
### UNDER 28 U.S.C. §§ 1915A & 1915(e)(2)(B)

This case is before the Court for review of pro-se inmate/plaintiff Shawna Enloe's pleadings under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). After reviewing the amended complaint and supplemental more definite statement, the Court concludes that plaintiff Enloe's claims and factual allegations against several individual defendants must be dismissed, but that she may obtain service of her claims against FMC-Carswell Warden Carr.

### BACKGROUND/PLAINTIFF'S PLEADINGS

Enloe initiated this suit by filing a voluminous handwritten civil-rights complaint. Compl. 1-53, ECF No. 1. In response to a Court order informing Enloe that such claims brought by prisoners must be presented on the Court's civil-rights complaint form, Enloe completed a prisoner civil-rights complaint form as an amended complaint. Am. Compl. 1-7, ECF No. 5. In the amended complaint, Enloe names as the only defendant FMC-Carswell Warden Michael Carr. Am. Compl. 3, ECF No. 7. In her statement of claim in the amended complaint, Enloe writes only that she suffered: "Cruel and unusual punishment, 8th Amendment violation[s], [and] mental and physical cruelty." Am. Compl. 4, ECF No. 7. Although she also recited for the Court to "see filed

1

complaint," because an amended complaint supersedes the original pleading, the Court reviews only the amended complaint. *See Clark v. Tarrant Cnty.*, 798 F.2d 736, 740 (5th Cir. 1986) (noting that an amended complaint supersedes and takes the place of an original pleading, rendering the original complaint of no legal effect); *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985) (same).

Because of the paucity of allegations listed by Enloe in the amended complaint, the Court then issued an order for more definite statement, directing plaintiff Enloe to provide answers to the Court's particular questions about her claims in a more definite statement. ECF No. 12. Although Enloe initially filed a document titled as a "more definite statement," after review, the Court issued a deficiency order, noting that the initial more definite statement did not provide Enloe's own facts in response to the Court's order, but instead incorporated numerous other allegations unrelated to her claims. ECF Nos. 18, 19. The Court then provided Enloe an extension to file a supplemental more definite statement that included her own answers to the Court's specific questions. ECF No. 19. Enloe then filed a supplemental more definite statement. ECF No. 20.

In the Order requiring a more definite statement, the Court directed Enloe to respond to six particular questions and to enumerate her answers in paragraph form to "correspond to each inquiry or request." Order for MDS 3, ECF No. 12. Enloe's supplemental more definite statement fails to comply with this order. Instead, she weaves a lengthy handwritten narrative raising numerous claims about different conditions of her confinement with several of the claims and allegations related to Warden Carr. The Court will allow Enloe to obtain service of these claims upon Warden Carr.

Although Enloe was also asked if she wanted to list several other individuals whom she had listed in her original complaint as defendants, she did not actually answer the Court's directive,

2

but did include numerous particular factual allegations against other individuals. Suppl. MDS 1-13, ECF No. 20. The Court will restate those factual allegations against the referenced individual defendants other than Warden Carr.

The first individual identified is Lieutenant Anthony. Enloe contends that Lieutenant Anthony laughed at her when she asked about staff failing to wear masks and failing to provide them "PPE gear," and laughed when Warden Carr asserted that inmates "would believe anything . . . [about the risk of COVID-19]." *Id* at 2. Plaintiff Enloe next lists the names of several other individual defendants whom she asked about medical care for her sick roommate, including Lieutenant Butler, Lieutenant Anthony, Ms. Cole-Rawls, and Ms. Gordon. *Id*. at 3. But, Enloe does not otherwise assert how these named individuals harmed her related to failing to provide medical treatment to her roommate. *Id.* The next allegation against an individual defendant is Enloe's reference to Unit Officer Ms. Knots and her allegation that Enloe was "faking" in response to her claim that she was not feeling well and had fever. *Id.* at 4.

Later, Enloe alleges that Ms. Cole-Rawls screamed at her when she asked for more soap and pads, claiming that Ms. Cole Rawls said "I am risking my life to take care of you and [you] want to stress me out about pads and soap and pads." *Id*. at 6. After Enloe responded claiming the need for the soap and other cleaning materials (including gloves and sanitizer), Ms. Cole-Rawls allegedly responded by stating that "it was the inmates [sic] fault because we used the soap for washing o[u]r cups and bowls out." *Id.* Ms. Cole-Rawls also laughed and allegedly said "You are the last to get sick, hell I get to worry about myself. Don't come to prison." *Id.*

As to Lieutenant Anthony, Enloe alleges that Anthony screamed "It's [COVID-19] going to get your ass and some of you will make it and some won't, I will bring you some pictures of inmates after they die from COVID and see if you still want to complain about small shit like soap,

3

tight cells, nastie [sic] food, you're breathing!" *Id*. at 7. With regard to Lieutenant Butler, Enloe alleges that he also screamed "It's bad enough you're still breathing," and "I won't let you kill my family," and "you all are bringing it in[,] not me." *Id.* As to both Lieutenants Anthony and Butler, Enloe alleges that with regard to not wearing a mask, they responded "Don't have too [sic] is why." *Id*.

Enloe also recites facts against Officers Wynn and Dinkins. *Id.* at 11. She writes that "every piece of legal mail coming from the court is opened and copied," and that mail is opened even if it is stamped "open only in the presence of inmate." *Id*. Enloe also contends that Wynn and Dinkins refuse to give out "appeals forms," and she complains that prison officials provide false reasons as to why inmate mail is refused. *Id*. As an example of policy failures, Enloe alleges that mail containing pictures of her children was returned stamped "No Inmate to Inmate Mail," even though her children are not in jail. *Id.* at 12.

Enloe's claims for relief include a request for policy changes and for a settlement in her favor. Am. Compl. 4, ECF No. 7.

## LEGAL STANDARD OF REVIEW UNDER § 1915A and § 1915(e)(2)(B)

Plaintiff Enloe is an inmate who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from a governmental entity, her pleadings are subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because Enloe is proceeding *in forma pauperis*, her pleadings are also subject to screening under 28 U.S.C. § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

4

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice to state a claim upon which relief may be granted. *Id.*

## ANALYSIS

### A.    Elements of a *Bivens* Claim

Enloe seeks in part to have a "settlement in her favor." Am. Compl. 4, ECF No. 7. In order to assert a claim for damages for violation of federal constitutional rights under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics* a plaintiff must set forth facts in support of both of its elements: (1) the deprivation of a right secured by the Constitution or laws of the United States; and (2) the deprivation was imposed by a person acting under color of law. *See Abate v. Southern Pacific Transp. Co.,* 993 F.2d 107, 110 (5th Cir. 1993); *see also West v. Atkins,* 487 U.S. 42, 48 (1988) (elements of § 1983 action). As noted in detail above, although Enloe has recited factual allegations against several individuals (other than Warden Carr), all of whom are presumed to act under color of law, she has not set forth facts against these defendants

to satisfy the first element, that she was deprived of a constitutional or federal right.

### B. Failure to State a Claim Based Upon Verbal Harassment

As recited above, Enloe has listed particular instances in which Lieutenant Butler, Lieutenant Anthony, Ms. Cole-Rawls, Ms. Gordon, and Ms. Knotts laughed at her and/or made harassing verbal comments, argued with her about her requests for cleaning and other supplies, and as related to her requests for care. Although Enloe has not recited what constitutional right or federal law she claims was violated, verbal harassment, without more, does not amount to a constitutional violation. *Bender v. Brumley,* 1 F.3d 271, 274 n.4 (5th Cir. 1993). "Mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations." *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983) (citation omitted); *see generally Freeman v. Arpaio,* 125 F.3d 732, 738 (9th Cir. 1997) (abusive language directed at prisoner's religious and ethnic background was insufficient to state a constitutional violation), *overruled in part on other grounds*, *Shakur v. Schiro,* 514 F.3d 878, 884-85 (9th Cir. 2008); *Nevares v. Sabin*, No. 1:08-cv-169-BL, 2009 WL 1262866, at *10 (N.D. Tex. May 7, 2009) (claim that officers called inmate a "racist" and a "snitch," without more, is not a constitutional violation); *Orange v. Ellis, et al.*, No. 08-224-JVP-DLD, 2009 WL 454253, at *3 (M.D. La. Feb. 23, 2009) (claim that defendant called Plaintiff "bitch," "rat," and a "snitch" not sufficient to state a constitutional violation). Other than reciting the inappropriate laughter and different unfortunate language used by Lieutenants Butler and Anthony, and by Ms. Cole-Rawls, Ms. Knots and Ms. Gordon, Enloe does not accompany such claims that she was subjected to verbal harassment with any other facts that she suffered harm as a result. As the mere verbal harassments do not state a constitutional violation, Enloe has failed to state a plausible claim against Lieutenant Butler, Lieutenant Anthony, Ms. Cole-Rawls, Ms. Knots, and Ms. Gordon, and her claims against them

will be dismissed for failure to state a claim upon which relief may be granted.

### C. Failure to State a Claim Based Upon Opening of Mail

As noted above, Enloe alleges that Officers Wynn and Dinkins opened and copied her legal mail, failed to provide her appeal forms, and stamped certain mail items as "No Inmate to Inmate Mail," even though such mail was not that type of correspondence. MDS 11-12, ECF No. 20. With regard to the legal mail claims, although Enloe does not claim a particular constitutional violation, the Court assumes she is alleging infringement of either her constitutional right of access to courts or her First Amendment right to free speech. *See Walker v. Navarro Cnty. Jail*, 4 F.3d 410, 413 (5th Cir. 1993) (legal mail tampering claim implicates both right of access to courts and right to free speech); *Brewer v. Wilkinson*, 3 F.3d 816, 819 (5th Cir. 1993); *see generally Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 741 (1983) ("[T]he right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances"); *Bounds v. Smith*, 430 U.S. 817, 821 (1977) (recognizing prisoner's constitutional right of access to courts). But in order to state a claim for interference with access to courts, a Plaintiff must allege that she suffered some actual injury. *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Ruiz v. United States*, 160 F.3d 273, 275 (5th. Cir. 1998); *see also Nwaebo v. Reno*, No. Civ. A. 95-7306, 1996 WL 421961, at *4, (July 18, 1996) (applying *Lewis v. Casey's* actual-injury requirement to a prisoner's claim that his constitutional right of access to courts was infringed by the opening of his legal mail), *aff'd*, 124 F.3d 188 (3rd Cir. 1997). Enloe's complaints regarding the handling of her mail lack any such allegations of harm.

Similarly, in order to support a claim for interference with the right to free speech based on the handling of legal mail, a claimant must do more than allege simply that her legal mail was opened and inspected outside of her presence. *See Walker*, 4 F.3d at 413 (allegation that incoming

mail was opened and read, but not censored, did not state a constitutional violation); *Brewer*, 3 F.3d at 824 (noting that allegations that mail was opened and inspected outside inmate's presence [and in violation of prison regulation], without additional allegation that such practice affected the inmate's ability to prepare or transmit a document, or allegation that the mail had been "censored," did not state a cognizable constitutional claim) (citing *Thornburgh v. Abbott*, 490 U.S. 401, 410 (1989) and *Turner v. Safley*, 482 U.S. 78, 87 (1987)). The Fifth Circuit has noted "[t]he opening of incoming legal mail outside an inmate's presence for the purpose of inspecting for contraband does not violate a prisoner's constitutional rights." *Clemons v. Monroe,* 423 F. App'x 362, 364 (5th Cir. 2011) (citing *Brewer*, 3 F.3d at 825).

Enloe complains generally of the opening and reading of the mail outside of her presence. Enloe, however, has not set forth other facts that the opening of any legal mail interfered with, delayed, or hampered her access to court or interfered with her First Amendment rights. Thus, Enloe's claims against defendants Wynn and Dinkins must be dismissed for failure to state a claim upon which relief may be granted.

### D. Defendant Warden Carr

The primary focus of Enloe's claims against defendant Warden Carr arise as stated in the amended complaint (ECF No. 7) and in her supplemental more definite statement (ECF No. 20). Construed liberally, Enloe has alleged facts against Warden Carr that entitle her to service of her amended complaint and supplemental more definite statement on Warden Carr. Thus, the Court will allow service of Enloe's remaining claims against Warden Carr through the assistance of the officers of the Court under 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3). *See*

*Rochon v. Dawson*, 828 F. 2d. 1109-1110 (5th Cir. 1987).[1]

## CONCLUSION and ORDER

Based on the foregoing, it is therefore **ORDERED** that plaintiff Shawna Enloe's claims against defendants Lieutenant Anthony, Lieutenant Butler, Ms. Cole Rawls, Ms. Gordon, Ms. Knots, Ms. Wynn and Ms. Dinkins are **DISMISSED WITH PREJUDICE** under authority of 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii).

**SO ORDERED** this **1st day** of **December, 2021.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[1] A separate order will issue regarding service of Enloe's claims upon Warden Carr.