IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| SHAWNA N. ENLOE,<br>(Reg. No. 03306-479),<br><br>    Plaintiff,<br>vs.<br><br>WARDEN CARR,<br>FMC Carswell, et al.,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§   Civil Action No. 4:21-cv-466-O<br>§<br>§<br>§<br>§<br>§ |

### MEMORANDUM OPINION and ORDER

This case was filed by Bureau of Prisons ("BOP") inmate/plaintiff Shawna N. Enloe ("Enloe") asserting claims against several individual government defendants, including claims against defendant FMC-Carswell Warden Michael Carr. Am. Compl. 1-4, ECF No. 7; Supplemental More Definite Statement ("Suppl. MDS") 1-15, ECF No. 20. By Opinion and Order of Partial Dismissal and Federal Rule of Civil Procedure 54(b) Judgment, the Court dismissed all claims, except for her claims against Warden Carr, under 28 U.S.C. §§ 1915A and 1915(e)(2)(B) and allowed service of Enloe's claims upon defendant Carr. Order and Judgment, ECF Nos. 21, 23. Now pending is the initial motion for summary judgment of defendant Carr (ECF No. 34), along with a brief in support (ECF No. 35), and an appendix (ECF No. 36). Although Enloe has had extensive time to file a response to the summary judgment motion, she has not filed any response. After considering the remaining relief sought by Enloe, the record, briefing and applicable law, the Court concludes that Carr's motion for summary judgment must be **GRANTED**, and all Enloe's remaining claims must be **DISMISSED** for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a).

1

I.     BACKGROUND/PLAINTIFF'S PLEADINGS

Plaintiff Shawna Enloe, Federal Register No. 03306-479, is presently designated to the San Antonio Residential Reentry Management. See www.bop.gov inmate locator, last searched July 25, 2022.[1]

Enloe filed this lawsuit on March 21, 2021. Compl., ECF No. 1. In response to this Court's order, she filed an amended complaint on April 12, 2021. Am. Compl., ECF No. 7. On June 10, 2021, and again on September 2, 2021, the Court directed Enloe to file a more definite statement to provide specific facts about her allegations, ECF Nos. 12 and 19. Enloe ultimately filed a supplemental more definite statement complying with the Court's order. Supplemental More Definite Statement ("Suppl. MDS"), ECF No. 20. Between her amended complaint and her supplemental MDS, Enloe alleges that Defendant Carr violated her Eighth Amendment rights by, among other things, failing to provide appropriate protective equipment and enforce health protocols during the COVID-19 pandemic, preventing her from receiving medical treatment, placing her in a two-person cell with three other women, opening and copying all legal mail, and failing to correct other negative conditions at FMC Carswell (rotten food; abrasive verbal statements made to her by FMC-Carswell officers; limited heat during the winter, personal hygiene products, clean laundry, and hot water). *See generally* Am. Compl 4, ECF No. 7; Suppl. MDS 1-13, ECF No. 20. As relief, Enloe requests that unspecified changes be made at FMC-Carswell and she receive a settlement of some unspecified amount of money. Am. Compl. 4, ECF No. 7.

In her amended complaint, Enloe marked "No" in response to the question of whether she

---

[1] Enloe has not updated her address of record to this address.

2

had "exhausted all steps of the institutional grievance procedure." Am. Compl. 3, ECF No. 7. Defendant Carr now moves for summary judgment in his favor on the basis that Enloe did not exhaust available administrative remedies prior to filing this action as required by federal law.

## II.     SUMMARY JUDGMENT EVIDENCE

As noted, Defendant filed an appendix in support of the motion for summary judgment that includes a total of six pages of records. App. 4-10, ECF No. 36. In particular, the appendix includes the February 14, 2022 Declaration of Churee Costly with copies of the BOP Sentry Administrative Remedy Retrieval record for Enloe and copies of her related records. App. 4-5, (Costly Declaration); App. 6-10 (Attachment 1), ECF No. 36. Plaintiff has not provided any summary judgment evidence in response to the summary judgment motion.

## III.    SUMMARY JUDGMENT STANDARD

When the record establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," summary judgment is appropriate. Fed. R. Civ. P. 56(a). "[A dispute] is 'genuine' if it is real and substantial, as opposed to merely formal, pretended, or a sham." *Bazan v. Hidalgo Cnty.*, 246 F.3d 481, 489 (5th Cir. 2001) (citation omitted). A fact is "material" if it "might affect the outcome of the suit under governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

To demonstrate that a particular fact cannot be genuinely in dispute, a defendant movant must (a) cite to particular parts of materials in the record (e.g., affidavits, depositions, etc.), or (b) show either that (1) the plaintiff cannot produce admissible evidence to support that particular fact, or (2) if the plaintiff has cited any materials in response, show that those materials do not establish the presence of a genuine dispute as to that fact. Fed. R. Civ. P. 56(c)(1). Although the Court is required to consider only the cited materials, it may consider other materials in the

3

record. *See* Fed. R. Civ. P. 56(c)(3). Nevertheless, Rule 56 "does not impose on the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment. . . ." *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 & n.7 (5th Cir. 1992).  Instead, parties should "identify specific evidence in the record, and . . . articulate the 'precise manner' in which that evidence support[s] their claim." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (citing *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992) (other citation omitted)). In evaluating whether summary judgment is appropriate, the Court "views the evidence in the light most favorable to the nonmovant, drawing all reasonable inferences in the nonmovant's favor." *Sanders-Burns v. City of Plano*, 594 F.3d 366, 380 (5th Cir. 2010) (citation omitted) (internal quotation marks omitted).  "After the non-movant [here, the FMC-Carswell plaintiffs] has been given the opportunity to raise a genuine factual [dispute], if no reasonable juror could find for the non-movant, summary judgment will be granted." *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

Nevertheless, a motion for summary judgment for failure to exhaust is treated slightly differently. *See, e.g. Dillon v. Rogers*, 596 F.3d 260, 272-73 (5th Cir. 2010). "Exhaustion resembles personal jurisdiction and venue in that it is an affirmative defense that allows defendants to assert that plaintiffs have not invoked the proper forum for resolving a dispute." *Id.* at 272 (citing *Pavey v. Conley*, 544 F.3d 739, 741 (7th Cir. 2008)). Stated differently, exhaustion of administrative remedies is a "rule of judicial administration" that is akin to doctrines like 'abstention, finality, and ripeness . . . that govern the timing of federal court decision making.'" *Id.* (quoting *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992) (other citation omitted)). Since exhaustion of administrative remedies is a "threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time, we conclude that judges

may resolve factual disputes concerning exhaustion without the participation of a jury." *Id.* (citation and footnote omitted).

IV. **ANALYSIS**

    A. **Prison Litigation Reform Act ("PLRA") Exhaustion Requirement**

The Prison Litigation Reform Act ("PLRA") provides "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted). The Supreme Court has described the PLRA exhaustion provision as a "mandatory exhaustion" statute and has "reject[ed] every attempt to deviate . . . from its textual mandate." *Ross v. Blake*, 578 U.S. 632, 639-40 (2016); *see also Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court") (citing *Porter*, 534 U.S. at 524). The only "textual exception to mandatory exhaustion" in the PLRA is the "availability" of administrative remedies. *Ross*, 578 U.S. at 642. To determine what remedies are "available" and thus must be exhausted, courts look to "the applicable procedural rules . . . defined . . . by the prison grievance process itself." *Jones*, 549 U.S. at 218. Administrative relief is "available" so long as the prison administrator has the authority to take some action in response to a complaint," even if that relief does not provide the precise "remedial action an inmate demands to the exclusion of all other forms of redress." *Booth*, 532 U.S. at 736. As a result, "a court may not excuse a failure to exhaust, even to take [special]

5

circumstances into account." *Ross*, 578 U.S. at 639.

The Fifth Circuit has taken a strict approach to the exhaustion requirement. *Wilson v. Epps*, 776 F.3d 296, 299-300 (5th Cir. 2015) (quoting *Dillon*, 596 F.3d at 268) ("[P]risoners must not just substantially comply with the prison's grievance procedures, but instead must 'exhaust available remedies properly.'") The Fifth Circuit has also recognized that "[w]hen a defendant asserts the defense of lack of exhaustion, the district court should rule on [the exhaustion] issue before allowing the case to proceed to the merits. *Nottingham v. Finsterwald*, 582 F. App'x 297, 297-98 (5th Cir. 2014) (citing *Dillon*, 596 F.3d at 265) (internal quotations omitted). And, exhaustion must have occurred *before* the lawsuit is filed. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2021); *see also Covarrubias v. Foxworth*, No. 6:13-cv-812, 2017 WL 1159767, at *3 (E.D. Tex. Mar. 29, 2017) (looking to whether administrative remedies had been exhausted "at the time of the filing of the original complaint" rather than any amended complaint). Also, when a prisoner can no longer comply with the exhaustion requirement, because the deadline for completing the administrative remedy has passed, the court may dismiss the suit with prejudice. *See Johnson v. La. Dep't of Pub. Safety & Corr.*, 468 F. 3d 278, 280-81 (5th Cir. 2006) (per curiam). Courts are not "to inquire whether administrative procedures satisfy minimum acceptable standards of fairness and effectiveness"; rather, "prisoner[s] must exhaust such administrative remedies as are available, whatever they maybe." *Alexander v. Tippah Cnty.*, 351 F.3d 626, 630 (5th Cir. 2003) (per curiam) (internal quotation marks omitted) (citing *Booth*, 532 U.S. at 740 n. 5; *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)).

B.  **Review of Enloe's BOP Records and Exhaustion Requirement**

As an inmate at FMC-Carswell, plaintiff Enloe was required to exhaust the BOP's multi-step grievance process prior to filing her lawsuit. *See Hicks v. Garcia*, 372 F. Appx. 557, 557

6

(5th Cir. 2010) (per curiam) (citing 28 U.S.C. § 1997e(a)) ("Under the Prison Litigation Reform Act, inmates must exhaust 'such administrative remedies as are available' prior to bringing a civil action"). As relevant to Enloe as a federal inmate, codified BOP regulations define the grievance procedures. *See* 28 C.F.R. §§ 542.10 *et seq.* First, a prisoner must attempt to informally present the issue to staff. 28 C.F.R. § 542.13(a). If that fails, the prisoner may then submit a "Request for Administrative Remedy" to the prison's warden. *Id.* at §§ 542.13(a), 542.14. If the prisoner is not satisfied with the warden's response, she may appeal to the BOP's regional director. *Id.* at § 542.15(a). If the prisoner is unsatisfied with the regional director's response, she may appeal to the BOP's general counsel. *Id.* The regulations also provide that if a "request is determined to be of an emergency nature which threatens the inmate's immediate health or welfare", the Warden must respond within three days after filing. *Id.* at § 542.18. As another court in this district explained, "[a]dministrative remedies have not been exhausted until the inmate's claim has been filed at all levels and has been denied at all levels." *Wood v. Carr*, No.4:20-cv-1365-P, 2021 WL 2207202, at *3 (N.D. Tex. June 1, 2021).

Here, a review of the administrative-remedy records maintained by the BOP in the ordinary course of business shows that Enloe did not timely exhaust her administrative remedies. *See* App. 005 ¶¶ 5-6, and App. 008-10 (discussion regarding Enloe's administrative-remedy history and copy of same).) As noted above, Enloe admits she did not exhaust all the steps of the administrative remedy process. Am. Compl. 3, ECF No. 7.

The Fifth Circuit has held that exceptions to the exhaustion requirement apply only in "extraordinary circumstances," and the prisoner bears the burden of demonstrating the futility or unavailability of administrative review. *Schipke v. Van Buren*, 239 F. App'x 85, 86 (5th Cir. 2007) (quoting *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)). "[M]andatory exhaustion statutes

7

like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion. Time and again, [the Supreme] Court has taken such statutes at face value—refusing to add unwritten limits onto their rigorous textual requirements." *Ross v. Blake*, 578 U.S. 632, 639 (2016) (citations omitted); *see also id.* at 641-42 (rejecting the Fourth Circuit's effort to ignore the PLRA's exhaustion requirement under "special circumstances").

Enloe asserts no facts and she cannot not now present any evidence that administrative review is futile or unavailable, because she never tried to seek an administrative remedy regarding her allegations in this suit. She fails to show that there was no possible form of relief or action that could have been provided through the administrative remedy process. *See Mixon v. Carr*, No. 4:20-cv-854-P (consolidated with other cases), 2021 WL 5052659, at *6 (stating administrative relief is "available" so long as the administrator has the "authority to take some action in response to the complaint") (citing *Booth*, 532 U.S. at 736).

Furthermore, Enloe was able to engage in other activities similar to what is required to exhaust administrative remedies during this time—such as filing this lawsuit and numerous supporting documents. But by failing to properly submit a formal written administrative remedy request to the institution, Enloe deprived the prison of the opportunity to investigate, respond, and possibly correct purported errors in protocols and improper prison conditions. And she further deprived the Regional Director and General Counsel the opportunity to independently review her complaints and correct any issues that might have been identified. Thus, Enloe's failure to properly exhaust her administrative remedies frustrates the very purpose of the Administrative Remedy Program: to give the prison, Regional Director, and General Counsel the opportunity to address her complaints before suit is filed.

In sum, Enloe failed to comply with the PLRA's mandatory requirement to exhaust administrative remedies prior to filing this suit. As a result, remaining Defendant Carr is entitled to summary judgment in his favor, and Enloe's remaining claims must be dismissed in their entirety on the basis of lack of exhaustion of administrative remedies.

## V.     CONCLUSION and ORDER

It is therefore **ORDERED** that Defendant Michael Carr's motion for summary judgment on the basis of exhaustion of administrative remedies (ECF No. 34) is **GRANTED,** such that all plaintiff Shawna N. Enloe's remaining claims are **DISMISSED WITH PREJUDICE.**[2]

**SO ORDERED** on this **25th day** of **July, 2022**.

_Reed O'Connor_
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**

---

[2] The Clerk of Court is directed to also send a copy of this order and the accompanying judgment to Enloe at her present Bureau of Prisons address.